## Case No. 11,605.

### READ v. CHAPMAN.

[1 Pet. C. C. 404.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

BAIL—CIVIL CASE—DISCHARGE UNDER STATE INSOLVENT LAWS.

1. The defendant having been discharged by the insolvent laws of the state of Pennsylvania, from a debt contracted in the state, the court discharged him on common bail.

[Cited in Campbell v. Claudius, Case No. 2,-356. Followed in Richardson v. McIntyre, Id. 11,789.]

2. The court refused to quash a writ of capias issued against the defendant, for a debt contracted in this state, he having been discharged by the insolvent laws.

Rule to show cause of action, and why the defendant should not be discharged on common bail, and the writ quashed with costs. The plaintiff showed cause, by a positive affidavit of a debt contracted in this state, and still subsisting and unpaid. The defendant, in support of the rule to be discharged on common bail, gave in evidence the record of a discharge of his person, by the court of common pleas of the county of Philadelphia, under the insolvent law of this state; setting forth that notice was duly served on the plaintiff, and an assignment of his property made under the said law for the benefit of his creditors, to the plaintiff and one other of his creditors.

It was insisted by Mr. Shoemaker, for the plaintiff, that the court is not bound to notice this law; and, that at all events, the question ought not to be decided in this summary way, but the defendant should be left to plead his discharge, so as to put it in the plaintiff's power to contest the validity of the discharge, on the trial. He cited Hayton v. Wilkinson [Case No. 6,272]; [James v. Allen] 1 Dall. [1 U. S.] 188, as also other cases decided in the courts of New York. See Johnson's Reports.

WASHINGTON, Circuit Justice. None of the cases cited by the plaintiff's counsel apply to this. Those decided in the courts of Pennsylvania, are cases of discharges under the insolvent laws of other states, and they proceed upon the ground of comity and are governed by the rule of reciprocity. The New York courts do not acknowledge the validity of a discharge under the laws of a foreign country, or of the sister states; and refuse altogether, in those cases, to discharge on common bail. The case of Hayton v. Wilkinson [Case 6,272], decided in the circuit court of Maryland, is founded upon the law

[1] [Reported by Richard Peters, Jr., Esq.]

of Maryland, which discharges not only the person, but the debt. In that case therefore, the learned judge, considering the question to be a very important one, very properly refused to decide it in the summary way in which it was brought before him, and left the defendant to plead his discharge.

But if in this case the court should refuse to release the defendant by permitting him to appear on common bail, he is without remedy notwithstanding his person is discharged under the insolvent law of this state. He could not avail himself of the discharge by plea, since the immunity being merely personal, could not be pleaded in abatement, or in bar of the action. In some of the cases that were cited, the court were influenced by the circumstance of want of notice to the plaintiff. But, none of those difficulties occur in this case. The debt was contracted in Pennsylvania, where the discharge of the defendant's person took place. Notice of the defendant's intention to take the benefit of the insolvent law, was duly given to the plaintiff, and he is even an assignee of the defendant's effects under that law.

The rule to discharge on common bail was made absolute, and that to quash the writ discharged.